KATE L. HITCHCOCK, APPELLANT, v. JOHN H. LINSLY SOLE EXECUTOR, ETC., OF JOHN C. HITCHCOCK, AND TRUSTEE UNDER THE SAME, RESPONDENT.

*Right of a cestui que trust to sue for his share of an estate, without joining others entitled to similar shares.*

In March, 1873, the accounts of the defendant, as executor of John C. Hitchcock, deceased, were passed by the surrogate, and it was adjudged that he then had $14,538.33, invested for the benefit of the plaintiff and her two sisters. In this action brought by the plaintiff alone, the complaint alleged that she was twenty-one years of age; that she had demanded payment to her of one-third of the investment; that the defendant refused to pay it, and that he threatened to bring an action for the construction of the will, though the will was plain and no construction of it was necessary.

*Held*, that the action could be maintained without making the infant sisters parties thereto.

APPEAL from a judgment sustaining a demurrer to the complaint.

*A. B. Crane* and *S. O. Lockwood*, for the appellant. The settlement of the estate before the surrogate was a final accounting, and determined the precise amount of each child's share. The

defendant from that time became trustee for each child severally. The rule is well established that where there are several legacies, each may sue for his own, excepting residuary legatees. (*Kettle* v. *Crary*, 1 Paige Ch., 417, see p. 270, also; *Hallett* v. *Hallett*, 2 id., 16; 1 Dan. Ch. Pr. [4th ed.], 211; *Haycock* v. *Haycock*, 2 Ch. Cas., 124; *Cromer* v. *Pinckey*, 3 Barb. Ch., 466.) The reason why a residuary legatee could not sustain an action without joining the others was because the amount could only be determined by determining the amounts of all, and to protect the executor from a multiplicity of suits, all were required to be made parties. (*Brown* v. *Rickets*, 3 John. Ch., 553; 1 Dan. Ch. Pr., 238.) But this rule was one of convenience. And if the legatees were non-residents, it was dispensed with. (Barb. on Parties, 418–419; *Parsons* v. *Neville*, 3 Bro. C. C., 365; *Spring* v. *Jenkins*, 1 Ired. Ch., 126; *Harvey* v. *Harvey*, 4 Beav., 215–220.) The non-resident infants are not necessary parties. (*Newbold* v. *Warren*, 14 Abb., 80; *Hillman* v. *Hillman*, 14 How. Pr., 456; *Wallace* v. *Eaton*, 5 How., 99; Story Eq. Pl., § 150; 1 Dan. Ch. Pr., 212; *Western R. R. Co.* v. *Nolan*, 48 N. Y., 513; Story Eq. Pl., §§ 207–212; 1 Dan. Ch. Pr., 219; *Smith* v. *Snow*, 3 Mad. Ch., 10; *Hare* v. *Stringer*, 15 Beav., 206; *Lenaghan* v. *Smith*, 2 Phillips, 301; *Hutchinson* v. *Townsend*, 2 Keen, 675; *Hughson* v. *Cookson*, 3 Young & Collyer Exchq. R., 578; *Perry* v. *Knott*, 5 Beav., 293.)

*S. B. Brownell*, for the respondent. The *cestuis que trust* must be made parties in a suit to take the property out of the hands of the trustees and bring it into court. (Calvert on Parties, 211 ; *Manning* v. *Thesiger*, 1 S. & S., 116; *Wilkinson* v. *Pansy*, 4 Russ, 273; Calvert on Parties, 218; approved, *Sherman* v. *Burnham*, 6 Barb., 404.)

*Per Curiam :*

This action is brought against the defendant, as executor and trustee under the will of John C. Hitchcock, deceased, to recover one-third of that part of the estate given by the will to the plaintiff and her two infant sisters.

The complaint sets out the will *in extenso*, and alleges, amongst other things, that the defendant has filed and passed his final

accounts as executor, and that by the surrogate's decree, made March 17, 1873, the trust estate in the defendant's hands, for the benefit of the plaintiff and her sisters, was adjudged to be $14,538.33 on the 1st day of March, 1869, and was invested; and, further, that she is twenty-one years of age; that she has demanded an account of one-third of the investment; that the defendant has refused to pay the same, and threatens to bring an action for the construction of the will and directions as to his rights and duties. She also alleges that she is informed and believes that the duties of the defendant as trustee are plain and direct, and that no judicial construction of the will is required for his instruction.

The defendant demurred, upon the ground that there was a defect of parties plaintiff or defendant, and insisted that the infant sisters alluded to should have been made parties to the action. This view of the case was adopted by the justice presiding at the Special Term, but no opinion was expressed, as appears from the papers. An examination of the authorities leads us to the conclusion (although, perhaps, there may be some conflict in them) that the action may be maintained in its present form, and that the infant sisters are not necessary parties to the action.

The following authorities sustain the proposition: *Hughson* v. *Cookson* (3 Young & Collier Ex., 578); *Hutchinson* v. *Townsend* (2 Keen, 675); *Lenaghan* v. *Smith* (2 Phillips, 301); *Hares* v. *Stringer* (15 Beav., 206); Story's Equity (8th ed., §§ 207, 212)

The judgment should be reversed.

Present — BRADY, P. J., and POTTER, J.

Judgment reversed.